**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTHONY LEE MANSFIELD,

     Plaintiff,

v.                                                                    Case No. 8:26-cv-1400-WFJ-AEP

DETECTIVE ROBERT WRIGHT, *et al.*,

     Defendants.

                                       /

## <u>ORDER</u>

Anthony Lee Mansfield is a Florida prisoner serving a life sentence for first-degree murder resulting from the unlawful distribution of fentanyl. *State v. Mansfield*, No. 24-CF-5519 (Fla. 13th Jud. Cir. Ct.). He initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, the Court concludes that Mr. Mansfield's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they challenge the validity of his state-court conviction.

In his complaint, Mr. Mansfield alleges that he was subjected to a "false indictment" for first-degree murder, that he did "not cause the death of the victim" and "never sold or gave [him] drugs on [the] date at hand," and that the death "was an accident not a homicide." (Doc. 1 at 7-8). Based on these allegations, he sues Detective Robert Wright, State Attorney Susan Lopez, and Assistant State Attorney Chinwe Fossett. (*Id.* at 2-3). As relief, Mr. Mansfield seeks $50 million in damages. (*Id.* at 10).

*Heck* bars this action. Under *Heck*, a plaintiff's § 1983 suit must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The plaintiff may proceed only after showing "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Simply put, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Mansfield challenges his first-degree-murder conviction on the grounds that he is "innocen[t]," that the indictment was "false," and that the charge "went against [the] medical evidence." (Doc. 1 at 5-10). Success on these claims "would necessarily imply the invalidity of [Mr. Mansfield's] conviction." *Heck*, 512 U.S. at 487. Because Mr. Mansfield does not—and cannot—allege that his conviction has been invalidated, *Heck* bars this action. *See, e.g.*, *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (*Heck* barred "damages claims [that] rest[ed] on the contention that the defendants unconstitutionally conspired to convict [plaintiff] of crimes he did not commit"); *Williams v. Peach Cnty. L. Enf't Ctr.*, No. 22-10323-J, 2022 WL 18492375, at *1 (11th Cir. Sept. 30, 2022) ("Because [plaintiff] claimed that he was 'falsely accused' of, and imprisoned for, 'bogus' charges, a civil judgment in his favor under § 1983 necessarily would imply the invalidity of the

underlying conviction for which he was imprisoned."); *Clement v. McCarley*, 708 F. App'x 585, 589 (11th Cir. 2017) ("[Plaintiff's] false arrest claim was barred by *Heck*. His claim would clearly imply the invalidity of his convictions because it is based on the assertion that there was no probable cause to believe he had committed the offense for which he was convicted."). Thus, the Court dismisses the complaint without prejudice.[1] *See Petersen v. Overstreet*, 819 F. App'x 778, 779 (11th Cir. 2020) ("[C]ases barred by *Heck* . . . are typically dismissed without prejudice.").

Accordingly, it is **ORDERED** that Mr. Mansfield's complaint, (Doc. 1), is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to enter judgment against Mr. Mansfield and to close this case.

**DONE** and **ORDERED** in Tampa, Florida, on May 15, 2026.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

---

[1] Mr. Mansfield's claims against State Attorney Lopez and Assistant State Attorney Fossett are also barred by the doctrine of prosecutorial immunity. *See Mullinax v. McElhenney*, 817 F.2d 711, 714 (11th Cir. 1987) ("State prosecutors are entitled to absolute immunity from damages under [§] 1983 for all acts intimately associated with the judicial phase of the criminal process."). And to the extent Mr. Mansfield alleges that he was not given *Miranda* warnings, "failing to follow *Miranda* procedures . . . does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created." *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999); *see also Vega v. Tekoh*, 597 U.S. 134, 138 (2022).